1  McGREGOR W. SCOTT
   United States Attorney
2  ROSS PEARSON
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8               IN THE UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO. 1:19-CR-00215-DAD-BAM

12                    Plaintiff,           JOINT STATUS REPORT AND STIPULATION
                                           REGARDING EXCLUDABLE TIME PERIODS
13          v.                             UNDER SPEEDY TRIAL ACT; AND ORDER

14  ALEJANDRO ARIAS,                       DATE: June 8, 2020
                                           TIME: 1:00 p.m.
15                    Defendant.           COURT: Hon. Barbara A. McAuliffe

16

17          This case is set for status conference on June 8, 2020. On May 13, 2020, this Court issued

18  General Order 618, which suspends all jury trials in the Eastern District of California "until further

19  notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21  judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22  May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency,

23  were entered to address public health concerns related to COVID-19.

24          Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27  _____

28          [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2    pretrial continuance must be "specifically limited in time").

**STIPULATION**

       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5    through defendant's counsel of record, hereby stipulate as follows:

6        1.      By previous order, this matter was set for status on June 8, 2020.

7        2.      By this stipulation, both parties now move to continue the status conference until

8    November 23, 2020, and to exclude time between June 8, 2020, and November 23, 2020, under Local

9    Code T4.

10       3.      The parties agree and stipulate, and request that the Court find the following:

11          a)      The government has represented that the discovery associated with this case

12    includes over 7,000 pages of police reports, FBI serials, wiretap documents, intercepted calls and

13    text messages, photographs, and other media. This discovery has been either produced directly

14    to counsel and/or made available for inspection and copying in multiple batches, with the most

15    recent production on December 20, 2019. In addition, since the last status conference, the

16    United States provided supplemental discovery consisting of search warrant documents and

17    reports.

18          b)      The parties have also engaged in initial plea discussions and expect that they will

19    be able to resolve the case with a plea.

20          c)      Counsel for defendant desires additional time to consult with his client, review the

21    charges and discovery, conduct investigation, and discuss a potential resolution with his client

22    and the government.

23          d)      Both parties believe that failure to grant the above-requested continuance would

24    deny him/her the reasonable time necessary for effective preparation, taking into account the

25    exercise of due diligence.

26          e)      Based on the above-stated findings, the ends of justice served by continuing the

27    case as requested outweigh the interest of the public and the defendant in a trial within the

28    original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 8, 2020 to November 23, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

g)      In addition, based on the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is also appropriate in this case.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  June 1, 2020                        McGREGOR W. SCOTT
                                           United States Attorney


                                           /s/ ROSS PEARSON
                                           ROSS PEARSON
                                           Assistant United States Attorney


Dated:  June 1, 2020                        /s/ ANTHONY CAPOZZI
                                           ANTHONY CAPOZZI
                                           Counsel for Defendant
                                           ALEJANDRO ARIAS
                                           (authorized by email on June 1,
                                           2020)

## **ORDER**

IT IS SO ORDERED that the Status Conference is continued from June 8, 2020, to **November 23, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **June 1, 2020**                    /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT